1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Arthur Daniel Mayo,

     Petitioner

v.

Brian Williams, *et al.*,

     Respondents

**2:16-cv-00599-JAD-GWF**

**Order Denying Motion to Reconsider**

[ECF No. 20]

On June 7, 2016, I denied Mayo's request for appointment of counsel to represent him in this § 2254 action finding that his claims are not sufficiently complex to warrant appointment of counsel.[1]  Respondents then moved to dismiss Mayo's petition.[2]  The deadline for opposing respondents' dismissal motion has expired and Mayo has not filed a response; he has instead filed a motion for reconsideration of my order denying his request for court-appointed counsel.[3]  Mayo argues that reconsideration is warranted because there are inadequate legal resources at the prison where he is incarcerated.

I construe Mayo's motion as one under Federal Rule of Civil Procedure 60(b).  Rule 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief.  The Rule, however, "is to be used sparingly as an equitable remedy to prevent manifest injustice" and only in "extraordinary circumstances."[4]  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

---

[1] ECF No. 15.

[2] ECF No. 16.

[3] ECF No. 20.

[4] *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

1  committed clear error, or if there is an intervening change in the controlling law."[5]

2        Mayo has given me no valid reason to reconsider my previous order and I still find that this

3  habeas case is not unusually complex and Mayo has demonstrated that he is able to represent

4  himself, so appointment of counsel is not warranted.  I therefore deny Mayo's motion for

5  reconsideration.  Because this motion was pending when the deadline to respond to respondents'

6  dismissal challenge expired, I *sua sponte* extend the time for Mayo to respond to September 23,

7  2016.

8                                  **Conclusion**

9        Accordingly, IT IS HEREBY ORDERED that **Mayo's motion for reconsideration [ECF**

10  **No. 20] is DENIED.**

11        IT IS FURTHER ORDERED that **Mayo will have until September 23, 2016, to respond to**

12  **respondents' motion to dismiss.  The April 20, 2016, scheduling order [ECF No. 5] remains in**

13  **effect in all other respects.**

14        Dated this 13th day of June, 2016.

15  _____

16  Jennifer A. Dorsey
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28  [5] *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).