UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Arthur Daniel Mayo,

 Petitioner

v.

Brian Williams, et al.,

 Respondents

2:16-cv-00599-JAD-GWF

**Order Granting in Part and Denying in Part Motion to Dismiss**

[ECF No. 16]

 Nevada state-prison inmate Arthur Daniel Mayo brings this § 2254 petition to challenge his state-court conviction for possession of a stolen vehicle and resultant habitual-criminal adjudication and sentence. Respondents move to dismiss Mayo's petition, arguing that his claims are either procedurally defaulted, unexhausted, or duplicative. Because Mayo's petition is partially unexhausted, I grant respondents' motion in part and deny it in part and give Mayo until January 22, 2017, to notify the court how he wishes to proceed with this action.

## Background

**A. Mayo's state-court conviction and sentence**

 In May 2013, Mayo pleaded guilty to possession of a stolen vehicle in Nevada's Eighth Judicial District Court.[1] In the plea agreement, the state agreed to dismiss Mayo's controlled-substance charge and to dismiss the charges against him in a separate case.[2] The state also agreed not to oppose Mayo's release on his own recognizance after entry of the plea, and the parties agreed to a maximum sentence of six years.[3] However, the parties also agreed:

---

[1] ECF No. 17-5 at 2, 17-7, 17-8.

[2] ECF No. 17-7 at 2.

[3] *See id.*

If the Defendant is arrested on new charges or fails to appear for the Pre-Sentence Investigation Report (PSI) or at rendition of sentence, both parties agree to stipulate to small habitual criminal treatment and a sentence of five (5) to twelve and one-half (12.5) years.[4]

When the parties appeared for sentencing on January 16, 2014, the state informed the court that Mayo had failed to appear for his PSI appointment.[5] Mayo claimed that he obtained a PSI packet, filled it out, and mailed it in, and, therefore, believed that he was not required to appear for the appointment.[6] The court continued the sentencing hearing so that the parties could confer.[7]

The parties reconvened for Mayo's sentencing a month later.[8] The state informed the court that the parole and probation department had not received a PSI packet from Mayo and that nobody had represented to Mayo that he did not need to appear in person for his PSI interview.[9] The parties also informed the court that Mayo had been arrested on a new petty larceny charge.[10] Based on this information, the state district-court judge adjudicated Mayo a habitual criminal under Nevada's small habitual-criminal statute and sentenced him to 5–12.5 years in prison.[11]

Mayo appealed his conviction;[12] the Nevada Supreme Court affirmed.[13] Mayo then filed a

---

[4] *Id.*

[5] *See id.*

[6] *See id.*

[7] *See id.*

[8] ECF No. 17-11.

[9] *Id.* at 2–3.

[10] *Id.* at 3–4.

[11] *Id.* at 11.

[12] ECF No. 17-15.

[13] ECF No. 17-21.

habeas petition in the state district court.[14] The state district court denied the petition,[15] and the Nevada Court of appeals affirmed.[16] While that appeal was still pending, Mayo filed a second habeas petition in the state district court, which the state district court denied.[17] Mayo's appeal from the denial of his second state habeas petition is still pending.[18]

**B.     Mayo's federal habeas petition**

Mayo filed this federal habeas action in March 2016. He asserts three claims for relief: (1) ineffective assistance of counsel, (2) due-process violations, and (3) equal-protection and due-process violations.[19] Mayo has also filed a supplemental memorandum in which he asserted four additional claims for ineffective assistance of counsel and due-process violations.[20]

Respondents move to dismiss, arguing that: supplemental ground one is unexhausted in state court; grounds two and three and supplemental ground four are procedurally defaulted; grounds two and three and supplemental ground four are redundant; and ground one and supplemental ground two are redundant.

## Discussion

**A.     Exhaustion under 28 U.S.C. § 2254**

A federal habeas petitioner first must exhaust state-court remedies on a claim before presenting that claim to the federal court.[21] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional

---

[14] ECF No. 18.

[15] ECF No. 18-12, 18-19, 18-14.

[16] ECF No. 19-19.

[17] ECF No. 19-8, 19-9, 19-12.

[18] ECF No. 16 at 3.

[19] ECF No. 6.

[20] ECF No. 13.

[21] 28 U.S.C. § 2254(b)(1)(A).

guarantees.[22] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[23] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[24] A petitioner must alert the state court to the fact that he is asserting a federal claim;[25] mere similarity between a state-law claim and a federal-law claim is insufficient.[26] "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."[27]

### B.  Supplemental ground one is unexhausted.

Respondents argue that supplemental ground one is unexhausted. In supplemental ground one, Mayo alleges that his counsel was constitutionally ineffective because counsel misadvised him about the consequences of his guilty-plea agreement, which caused him to enter into an agreement he otherwise would not have entered into.[28]

Mayo did not raise this claim on direct appeal.[29] On appeal from the denial of his first state habeas petition, Mayo asserted IAC claims based on his habitual-criminal adjudication, but he did not raise an IAC claim based on his decision to plead guilty.[30] Because Mayo did not make any

---

[22] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[23] *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[24] *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[25] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[26] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[27] *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

[28] ECF No. 13 at 2–3.

[29] ECF No. 17-19.

[30] ECF No. 18-23, 18-24, 19-1, 19-19.

argument that could have reasonably alerted the state courts that he claimed a violation of his constitutional right to effective assistance of counsel based on his decision to plead guilty, supplemental ground one is unexhausted.

**C.     Because this is a mixed petition, Mayo must advise the court how he wants to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state-court remedies for *all claims* in the petition.[31]  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[32]  Because Mayo's petition is mixed, he has three options:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. File a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[33]

As to the third option, Mayo is cautioned that a stay and abeyance is available only in limited circumstances.  If Mayo chooses to file a motion for stay and abeyance, he must show that there was good cause for his failure to first exhaust these claims in state court and that these claims are not plainly meritless.[34]  Respondents would then have a chance to respond to his motion.

---

[31] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[32] *Id.*

[33] *See Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[34] *Rhines*, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

**If Mayo fails to choose one of these three options or seek other appropriate relief by January 22, 2017, his federal habeas petition will be dismissed without prejudice as a mixed petition**. Mayo is further cautioned that, if this action is dismissed, he may be barred by the statute of limitations from ever initiating any subsequent federal habeas corpus action challenging this conviction and sentence. A federal habeas corpus petition does not toll the statute of limitations relative to a subsequent federal habeas action.[35]

### D.   I defer ruling on respondents' other arguments.

In their dismissal motion, respondents argue that grounds two and three and supplemental ground four should be dismissed as procedurally defaulted.[36] Mayo responds that good cause for the default exists because he received ineffective assistance of appellate counsel.[37] In their reply, respondents acknowledge Mayo's argument, and, in effect, withdraw this part of their motion to dismiss.[38] I agree with respondents that, because Mayo's cause-and-prejudice argument is intertwined with the merits of his ineffective-assistance-of-appellate-counsel claim (supplemental ground three), the procedural-default question will be best resolved when the parties address the merits of supplemental ground three. I therefore deny respondents' motion to dismiss grounds two and three and supplemental ground four as procedurally barred without prejudice to respondents' ability to raise this defense in their answer.

I also defer ruling on respondents' arguments that certain grounds of Mayo's petition are redundant. I find that, like the procedural-default question, the question of which claims are

---

[35] *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

[36] ECF No. 16 at 5–6.

[37] ECF No. 23 at 1–7.

[38] *See* ECF No. 24 at 3 ("Because Mayo's cause and prejudice argument is so intertwined with his ineffective assistance of appellate counsel claim, Respondents respectfully request this Court defer ruling on Respondents' procedural default defense until the parties can properly address the merits of Mayo's claim in Supplemental Ground 3.").

redundant will be best addressed in conjunction with the merits of Mayo's claims. I therefore also deny this portion of respondents motion without prejudice to their ability to re-assert these arguments in their answer.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that respondents' motion to dismiss **[ECF No. 16] is GRANTED in part and DENIED in part.** I find that Mayo's supplemental ground one is unexhausted; the motion is denied in all other respects.

IT IS FURTHER ORDERED that **Mayo must notify the court how he wishes to proceed with this action by January 22, 2017.** He has three choices: (1) submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only; (2) submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) file a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

**If Mayo fails to file the required notice by January 22, 2017, or take other appropriate action in this case, this action will be dismissed in its entirety without prejudice and without further warning.**

Dated this 22nd day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge