UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Arthur Daniel Mayo,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:16-cv-00599-JAD-GWF

**Order Directing Supplemental Briefing**

On November 21, 2016, I found that one of Mayo's claims is unexhausted, so I granted in part respondents' dismissal motion and gave Mayo until January 22, 2017, to notify the court how he wishes to proceed with this action. Mayo timely filed a motion requesting a stay and abeyance while he returns to state court to exhaust supplemental ground one.

Supplemental ground one is a claim for ineffective assistance of counsel based on Mayo's counsel's failure to properly advise him about the plea agreement, which lead Mayo to enter a plea he would not otherwise have entered.[1] Mayo's motion raises issues that have not been addressed by the parties' briefing: is supplemental ground one procedurally barred in state court? If so, should supplemental ground one be treated as procedurally defaulted and thus technically exhausted in this case? Resolution of these issues may impact whether a stay is warranted in this case.

If supplemental ground one is procedurally barred in state court, Mayo may be able to overcome procedural default in this action if he can show good cause to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). Because resolution of that question would likely involve consideration of the ground's merits, it may best be addressed in conjunction with the merits of all of Mayo's claims after the petition has been fully briefed.

---

[1] ECF No. 13 at 2–3.

"An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."[2] The Supreme Court explained the effect of a procedural default in *Coleman v. Thompson*:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, **federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice** as a result of the alleged violation of federal law, **or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice**.[3]

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[4]

In *Coleman*, the Supreme Court held that ineffective assistance of counsel in state post-conviction proceedings does not establish cause for the procedural default of a claim.[5] The High Court established a narrow exception to that rule in *Martinez*:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial **if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective**.[6]

In contrast to federal law, under Nevada law, the absence of counsel in state post-conviction proceedings generally does not provide cause to overcome a procedural bar in state court.[7]

Mayo states that he was without counsel in his state habeas proceedings, and he cites

---

[2] *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014).

[3] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986) (emphasis added).

[4] *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[5] *Coleman*, 501 U.S. at 753.

[6] *Martinez*, 566 U.S. at 17 (emphasis added).

[7] *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014) (declining to adopt *Martinez* rule as a matter of state law).

*Martinez* to argue that there was cause for his failure to earlier exhaust supplemental ground one in state court. And it appears that he could make the same argument as a basis for cause to overcome the procedural default of that claim in federal court. Therefore, before I address Mayo's motion for stay, I direct the parties to set forth their positions on whether supplemental ground one is procedurally barred in state court. Accordingly,

IT IS HEREBY ORDERED that respondents must file a supplement to their opposition to petitioner's motion for stay addressing the question of the possible anticipatory default of supplemental ground one by **May 18, 2017.** Mayo will then have 30 days to file a reply. The parties are cautioned that I am unlikely to extend this briefing schedule absent a showing of extraordinary circumstances.

Dated this 18th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge