**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Arthur Daniel Mayo,<br>    Petitioner<br>v.<br>Jo Gentry, et. al,<br>    Respondents | 2:16-cv-0599-JAD-GWF<br>**Order Denying Motion to Stay**<br>[ECF No. 30] |

    In this habeas corpus action, Nevada prisoner Arthur Daniel Mayo challenges his 2014 state-court conviction for possession of a stolen vehicle.[1] The Court ruled on respondents' motion to dismiss on November 21, 2016, found one of Mayo's claims—his Supplemental Ground 1—unexhausted in state court, and gave Mayo an opportunity to make an election on how to proceed.[2] Mayo responded with a motion for stay (ECF No. 30), requesting that this case be stayed while he exhausts Supplemental Ground 1 in state court.[3] On April 18, 2017, I ordered supplemental briefing (ECF No. 33) on the question of the possible anticipatory procedural default of Supplemental Ground 1 in state court.[4]

    In Supplemental Ground 1, Mayo claims that he was denied his federal constitutional right to effective assistance of counsel because his counsel misadvised him with respect to a plea agreement, leading him to enter a plea agreement that he otherwise would not have entered. *See* Memorandum (ECF No. 13) at 2–3. It is this claim that Mayo wishes to present in state court before proceeding with this case.

---

[1] ECF No. 6.

[2] *See* Order entered November 21, 2016 (ECF No. 29).

[3] Respondents filed an opposition to that motion on February 2, 2017 (ECF No. 31). Mayo replied on February 21, 2017 (ECF No. 32).

[4] On May 15, 2017, respondents filed a supplement to their opposition to Mayo's motion for stay (ECF No. 34). On June 12, 2017, Mayo filed a supplemental reply (ECF No. 35).

But Mayo's Supplemental Ground 1 is now procedurally barred in state court. *See* NRS 34.726(1) (statute of limitations); NRS 34.810 (successive petitions). Mayo asserts only one viable argument that there is cause for his failure to raise that claim previously in state court: that he did not have counsel in his first state habeas action. *See Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (lack of counsel in initial-review collateral proceeding in state court may function as cause to overcome procedural default in federal court). While lack of counsel in Mayo's state habeas action may function as cause to overcome the procedural default in this federal habeas action, *see Martinez*, 566 U.S. at 17, the same is not true in Nevada state courts: they have not recognized this basis as cause for a procedural default in non-capital cases in state court. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014) (declining to adopt *Martinez* rule as a matter of state law). Because Mayo's Supplemental Ground 1 is procedurally barred in state court, and he does not assert any viable argument that he can overcome that procedural bar, a stay of this action to allow Mayo to return to state court to exhaust that claim would be futile. For this reason, I deny Mayo's motion for stay.

I thus treat Mayo's Supplemental Ground 1 as technically exhausted, but subject to the procedural-default doctrine. In their answer, respondents may assert procedural default as a defense to any of Mayo's claims, including Supplemental Ground, and they must address the merits of each of Mayo's claims. In his reply to respondents' answer, Mayo may assert, as cause for his procedural default of any claim including Supplemental Ground 1, that he did not have counsel in his state habeas action. *See Martinez*, 566 U.S. at 17. Mayo should also address the merits of each of his claims.

As a final matter, Mayo remains incarcerated at Nevada's Southern Desert Correctional Center (SDCC). Jo Gentry is now the warden of SDCC. Therefore, under Federal Rule of Civil Procedure 25(d), Jo Gentry will be substituted for Brian Williams as the respondent warden in this action.

**ORDER**

IT IS THEREFORE ORDERED that petitioner's Motion for Stay and Abeyance **(ECF No. 30) is DENIED.**

IT IS FURTHER ORDERED that **respondents have until November 1, 2017, to file an answer** that responds to all of petitioner's claims for habeas corpus relief as described above. In all other respects, the schedule in the order entered April 20, 2016 (ECF No. 5) remains in effect (petitioner will have 60 days following respondents' answer to file a reply).

IT IS FURTHER ORDERED that the Clerk of the Court must substitute Jo Gentry for Brian E. Williams, Sr., on the docket for this case, as the respondent warden, and update the caption of the action to reflect this change.

DATED: August 3, 2017

_____
Jennifer A. Dorsey
United States District Judge